**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 96-30012

(Summary Calendar)
_____

MARY LEE DUDLEY,

                    Plaintiff-Appellant-Cross-Appellee,

versus

JAMES JOHNSON,

                    Defendant-Appellee-Cross-Appellant,

GORDON ANDERSON,

                    Defendant-Appellant.

_____

Appeal from the United States District Court
For the Eastern District of Louisiana
(95-CV-1755"R")
_____

September 17, 1996

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Plaintiff Mary Lee Dudley appeals the district court's dismissal of her civil rights suit, brought pursuant to 42 U.S.C. § 1983.  Defendants Gordon Anderson and James Johnson appeal the district court's order denying their motion to recover attorney's fees, brought pursuant to 42 U.S.C. § 1988.  We affirm.

---

     [*]     Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Dudley filed a § 1983 suit against Johnson, a Deputy Marshal at the City Court of Hammond, and Anderson, the 7th Ward Marshal. Dudley alleged that Johnson had violated her civil rights by using excessive force in restraining her during an altercation which erupted in the courtroom. Dudley also alleged that Anderson had violated her civil rights by refusing to accept charges against Johnson after the incident. Johnson moved for summary judgment on grounds of qualified immunity, and Anderson moved for a Rule 12(b)(6) dismissal. In addition, both Defendants sought to recover attorney's fees pursuant to § 1988(b). The district court granted both motions, but denied Defendants' request for attorney's fees. Dudley and the two Defendants filed timely notices of appeal.[1]

II

Dudley argues that the district court erred in dismissing her complaint. On appeal from an order granting a motion for summary judgment based upon qualified immunity, we review the record *de novo*, examining the evidence in the light most favorable to the non-movant. *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990). "Summary judgment is appropriate if the record discloses 'that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

---

[1] Although Dudley filed a general notice of appeal, in her brief she states, "No appeal is taken with respect to the court's order concerning defendant Anderson." Accordingly, this Court granted Anderson's motion to dismiss the appeal as it pertained to him.

law.'" *Matagorda County v. Russell Law*, 19 F.3d 215, 217 (5th Cir. 1994) (quoting FED. R. CIV. P. 56(c)).

A government official is entitled to summary judgment on qualified immunity grounds in a § 1983 suit if he can establish as a matter of law that it was objectively legally reasonable for him to believe that his actions did not violate a clearly established legal right. *Anderson v. Creighton*, 483 U.S. 635, 638-39, 107 S. Ct. 3034, 3038, 97 L. Ed. 2d 523 (1987). "If reasonable public officials could differ on the lawfulness of the defendant's actions, the defendant is entitled to qualified immunity." *Pfannstiel*, 918 F.2d at 1183. Therefore, even if a defendant's actions violate a plaintiff's Constitutional rights, the defendant is still entitled to qualified immunity if his actions were objectively reasonable. *Id*.

Whether the defendant's actions were objectively reasonable is essentially a question of law to be determined by the court. *Lampkin v. City of Nacogdoches*, 7 F.3d 430, 434 (5th Cir. 1993), *cert. denied*, __ U.S __, 114 S. Ct. 1400, 128 L. Ed. 2d 73 (1994). To defeat a motion for summary judgment on grounds of qualified immunity, Dudley must have presented summary judgment evidence sufficient to create a genuine issue as to whether defendant's conduct was objectively reasonable under the circumstances. *Id*. Having carefully reviewed the record, we find that Dudley has failed to carry her burden. Dudley presented evidence which

establishes that an altercation took place in the courthouse, and that she, while not a participant, was in close proximity to the altercation when it occurred. Her evidence also establishes that four police officers were in the process of restraining the two primary combatants when Deputy Marshal Johnson reentered the courtroom and proceeded to remove Dudley from the scene of the altercation. When Dudley refused to hand over a purse she was holding, Johnson grabbed her by the neck and arm and threw her to the floor. Even when viewing the summary judgment evidence in the light most favorable to Dudley, reasonable officials could differ as to whether force was necessary to neutralize the situation. Thus, even if Johnson was mistaken about the need to restrain Dudley, because his conduct was objectively legally reasonable, he is entitled to qualified immunity. *Anderson*, 483 U.S. at 644, 107 S. Ct. at 3041. Accordingly, the district court properly granted his motion for summary judgment.

## III

On cross-appeal, Anderson and Johnson contend that the district court erred in denying their motion for attorney's fees under 42 U.S.C. § 1988(b). We review a denial of defendant's request for attorney's fees pursuant to § 1988(b) for abuse of discretion. *Vaughner v. Pulito*, 804 F.2d 873, 878 (5th Cir. 1986). A court may award a prevailing defendant his attorney's fees under § 1988(b) only if it specifically finds that the plaintiff's suit

was frivolous, without merit, unfounded, or vexatiously brought. *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S. Ct. 694, 700, 45 L. Ed. 2d 648 (1978). The Supreme Court has rejected the notion that merely because a plaintiff does not ultimately prevail, his claim must have been unfounded or without merit. *Id*. This Court has held that to be without merit, a claim must be "devoid of arguable legal merit or factual support." *Jones v. Texas Tech Univ.*, 656 F.2d 1137, 1146 (5th Cir. 1981). Having carefully reviewed the record, we conclude that Dudley's civil rights claim, while weak, was not without arguable legal merit or factual support. The record reflects that Dudley was forcibly restrained by Johnson and that she possibly suffered injury as a result. Accordingly, we conclude that the district court did not abuse its discretion in denying Defendants' request for attorney's fees.

IV

For the foregoing reasons, we AFFIRM.